**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

**STEVIE LEE DRAPER,**                                                 **PETITIONER**

**V.**                                                **CIVIL ACTION NO.: 1:14CV27-SA-JMV**

**CHRISTOPHER EPPS and
DOROTHY JOHNSON,**                                             **RESPONDENTS**

## MEMORANDUM OPINION AND ORDER

Petitioner, Stevie Lee Draper, inmate no. K6292, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he seeks to challenge the calculation of his jail time arising from convictions against him in the Circuit Court of Lafayette County, Mississippi. Pending before the Court is Respondents' motion to dismiss the petition based on Draper's failure to exhaust his State court remedies. Having considered the parties' filings and the applicable law, the Court grants Respondents' motion and dismisses the instant petition, for the reasons that follow.

### Background and Procedural History

Stevie Lee Draper is currently incarcerated at the Alcorn County Regional Correctional Facility in Corinth, Mississippi. On April 4, 2001, Draper pleaded guilty to one count of simple assault on a police officer in the Circuit Court of Lafayette County, Mississippi, and was sentenced to serve five years in the custody of the Mississippi Department of Corrections ("MDOC"), with four years suspended and one year to serve, and with three years of post-release supervision. (Respts' Mot. to Dismiss, Ex. A). On July 30, 2002, Draper's suspended sentence was revoked, and he was ordered to serve five years in MDOC custody. (*Id.*, Ex. B). On April 16, 2003, Draper entered a guilty plea to one count of armed robbery in the Circuit

Court of Lafayette County, Mississippi, and was sentenced to serve thirty years in MDOC custody, with eighteen years suspended and twelve years to serve. (*Id.*, Ex. C).

On or about February 14, 2014, Draper filed this action, raising the following grounds for relief:

Ground One. On or about 4-15-2013, I received an erroneous response from Miss. Dorothy Johnson, Project III officer of MSP (Records Dept.). This response is based upon grievance procedure (ARP) Administrative Remedy Program of the Miss. Dept. of Corrections. My release date is wrong, M.E.T. time was illegally removed from a mandatory sentence thereby making me serve an illegal sentence.

Ground Two. The prison officials ie Dorothy Johnson, Project Officer III did not fully review the record. I never had a 5 yr sentence, only a (4) year sentence. Therefore I should have satisfied the (4) four year sentence on or about 4-16-03 twelve years mandatory = 4-16-2015. April 16, 2015 is my correct maximum discharge date.

**Discussion**

In the instant habeas petition, Draper challenges MDOC's computation of his sentences. In April 2013, he filed a request for relief with the MDOC Administrative Remedy Program ("ARP"). (R. Mot. to Dismiss, Ex. D). In that ARP action, MDOC found that Draper's sentences and remaining time to serve were correctly reflected on his time sheet. (*Id.*, Exs. D and E). Draper has not presented the Mississippi Supreme Court with his claims.

A petitioner seeking federal habeas relief must first exhaust his available state court remedies. *See* 28 U.S.C. § 2254(b) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 840 (1999). The exhaustion requirement is satisfied when the habeas claim has been presented to the highest state court in a procedurally proper manner. *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993). If a petitioner fails to exhaust his claims prior to seeking federal habeas relief, his federal habeas petition must ordinarily be dismissed. *See Coleman v. Thompson,* 501 U.S. 722, 731

(1991); *see also Duncan v. Walker*, 533 U.S. 167, 178-79 (2001) ("The exhaustion requirement of § 2254(b) ensures that the state courts have the opportunity fully to consider federal-law challenges to a state custodial judgment before the lower federal courts may entertain a collateral attack upon that judgment.").

Draper has challenged the calculation of his time to serve in the ARP program, but he has not appealed the adverse ARP decision to the circuit court, and thus, he has not appealed any denial of relief at the circuit court to the Mississippi Supreme Court. Because Draper has not presented his claims to the Mississippi Supreme Court, he has failed to exhaust his State court remedies, and dismissal of the instant petition is warranted. *See, e.g.*, 28 U.S.C. § 2254(b) and (c).

It is possible that Draper may still have time to pursue his State remedies and exhaust his claims. The Court notes that a petitioner may, in limited circumstances, file a protective federal habeas petition and request that the habeas court stay his action and hold the petition in abeyance while he exhausts his claims in State court. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416-17 (2005). Such a stay is only appropriate, however, if the petitioner shows (1) good cause for his failure to exhaust, (2) that his unexhausted claims are not plainly meritless, and (3) there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. *Rhines v. Weber*, 544 U.S. 269, 277-278 (2005). Draper has offered the Court no argument as to why it should stay this action and hold his federal habeas petition in abeyance pending his return to State court. Therefore, the Court finds that there is no valid reason to enter a stay and abeyance.

In the event that Draper no longer has an opportunity to submit his claims in State court, the Court determines that the claims in the instant petition are technically exhausted and are

considered procedurally defaulted. *See Jones v. Jones*, 163 F.3d 285, 296 (5th Cir. 1998) ("[W]hen federal habeas claims are technically exhausted because, and only because, [petitioner] allowed his state law remedies to lapse without presenting his claims to the state courts. . . [,] there is no substantial difference between nonexhaustion and procedural default.") (citations and internal quotation marks omitted). The Court is barred from reviewing a procedurally defaulted claim absent a petitioner's affirmative showing of cause for the default and resulting prejudice, or that a fundamental miscarriage of justice would result from the Court's failure to consider the claim. *See, e.g., Sones v. Hargett*, 61 F.3d 410, 416, 418-19 (5th Cir. 1995). No such showing has been made in this instance, and the Court finds, in the event that Draper no longer has an avenue in State court, that Draper has procedurally defaulted his federal habeas claims and failed to demonstrate that the claims should nonetheless be reviewed on their merits. Accordingly, Respondents' motion should be granted, and this action should be dismissed.

## Certificate of Appealability

Draper must obtain a COA before appealing this Court's decision denying federal habeas relief. *See* 28 U.S.C. § 2253(c)(1). Because the instant petition for writ of habeas corpus is rejected on procedural grounds, Draper must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Applying this standard, the Court concludes that a COA should be denied in this case.

## Conclusion

For the reasons set forth herein, the Court **GRANTS** Respondents' "Motion to Dismiss Pursuant to 28 U.S.C. § 2254(b) and (c)" and **DISMISSES** without prejudice the petition filed in this cause. The Court **DENIES** Draper a certificate of appealability. A final judgment consistent with this opinion and order will enter today.

**SO ORDERED** this the 7th day of October, 2014.

                                           **/s/ Sharion Aycock**
                                           **U.S. DISTRICT JUDGE**